THOMPSON, C.J.
DeLuca Properties, Inc., appeals a final judgment in favor of the City of Wildwood.
DeLuca was provided notice by the city that its property was not in compliance with city codes. After a hearing, a code enforcement special master found the property to be in violation. In May 1999, an order of enforcement was entered providing that if DeLuca did not bring the property in compliance by a date certain, a fine of $50.00 per day would begin to accrue on that date, and would continue to accrue until the violations were cured. In July 1999, the city entered an Order of Fine and recorded it in the public records *207 of Sumter County. A year later, in July 2000, the property was still not in compliance, and another Order of Fine was entered. This order required payment of $20,453.42, and provided that the fine would continue to accrue at $50 per day for each day of noncompliance.
Section 162.09, Florida Statutes, provides that if an order of fine is recorded in the public records it becomes a lien against the land that is in violation, and against any other real or personal property owned by the violator. Section 162.09 further provides that the fíne continues to accrue until the violator comes into compliance or judgment is rendered, whichever occurs first. Effective April 2000, the legislature amended section 162.09 to provide that local governments could obtain money judgments against code violators. As part of the amendment, however, the legislature enacted section 162.125, which provides: “Actions for money judgments under chapter 162, Florida Statutes, may be pursued only on fines levied after October 1, 2000.” In October 2000, pursuant to chapter 62, the city sued DeLuea seeking a money judgment. The trial court ruled that the city was entitled to a money judgment against DeLuea for fines that accrued after October 1, 2000.
DeLuea contends that section 162.125 precluded entry of a money judgment against it because, it contends, the fines were “levied” against prior to October 1, 2000, because the city issued its orders against Deluca in May 1999 and July 2000. On the other hand, the city contends that the fines were “levied” as they accrued daily, and that, therefore, it could seek a judgment for those fines levied after October 1, 2000. DeLuea contends that the term “accrue” connotes a process whereby fines, interest, or charges accumulate over time naturally, while the term “levy” connotes the beginning of a process rather than its continuation.
Although the verb “levy” generally implies affirmative action, whereas “accrue” tends to imply passivity, we think these fines were “levied” as they were imposed, and they were imposed as a matter of law each day the violations continued. Accordingly, the trial court correctly entered judgment for fines that accrued after October 1, 2000.
Further, we do not agree with De-Luca that this case implicates the proscription against ex post facto laws. The conduct to which the final judgment relates occurred after October 1, 2000. Compare, Collins v. Youngblood, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990).
Nevertheless, we must reverse the final judgment because there is no factual basis for the amount of the award. The city moved for summary judgment in April 2001, and submitted an affidavit dated March 30, 2001 stating that DeLuea remained in violation. The judgment, however, which was entered in September 2001, awarded an amount that could be appropriate only if the DeLuea property was in violation from March 31, 2001 to the date the judgment was entered. Since there was no evidence that DeLuea was in violation during that period, .the judgment is reversed and the cause remanded for recalculation of the amount due the city.
REVERSED and REMANDED with instructions.
SAWAYA and PLEUS, JJ., concur.